UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:26-cv-475-M

| | |
|---|---|
| LORRAINE JONES,<br><br>Plaintiff,<br><br>v.<br><br>MCDONALD'S, ET AL.,<br><br>Defendants. | ORDER<br>MEMORANDUM AND<br>RECOMMENDATION |

This matter is before the court on Plaintiff's application to proceed *in forma pauperis* and for frivolity review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). [DE-1, -2]. For the reasons that follow, the application to proceed *in forma pauperis* is allowed, and it is recommended that the complaint be dismissed.

## I. Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490

U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

In the present case, Plaintiff is proceeding *pro se*, and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Analysis

Plaintiff filed a form complaint for employment discrimination against McDonald's, Burlington, First Health, and Walmart alleging that her employment was terminated on February 14, 2024. [DE-1]. Plaintiff did not check the box for race, color, gender/sex, religion, national origin, age, or disability, but wrote the following:

> **age** *(year of birth)* _________ *(only when asserting a claim of age discrimination.)*
> **disability or perceived disability** *(specify disability)*
> I got fired caus me and a cou[illegible] got into a argment.
> **my case are as follows. Attach additional pages if needed.**

*Id.* at 4. Plaintiff did not indicate she exhausted administrative remedies and did not list the relief she seeks. *Id.* at 5.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This is necessary "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). At the pleading stage, "while a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* (internal citations and quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 570).

Here, Plaintiff has alleged no facts to support an actionable claim for employment discrimination under Title VII of the Civil Rights Act of 1964, which prohibits employment discrimination on the basis of race, color, gender, religion, and national origin; the Age Discrimination in Employment Act of 1967; the Americans with Disabilities Act of 1990; or any other federal law. In light of this pleading deficiency, it is recommended that the complaint be dismissed for failure to state a claim.

## III. Conclusion

For the reasons stated herein, the application to proceed *in forma pauperis* is allowed, and it is recommended that Plaintiff's complaint be dismissed without prejudice for failure to state a claim.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **July 30, 2026**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the

Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

This 16 day of July, 2026.

Robert B. Jones, Jr.
United States Magistrate Judge